UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

TONYA H.,[1]

Plaintiff,

v.

COMMISSIONER, Social Security Administration,

Defendant.

Case No. 6:20-cv-02194-CL

**OPINION AND ORDER**

---

**CLARKE,** United States Magistrate Judge:

Plaintiff Tonya H. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and supplemental security income ("SSI") under Title XVI. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons provided below, the

[1] In the interest of privacy, the Court uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

Commissioner's decision is REVERSED and this case is REMANDED for an immediate calculation and payment of benefits.

**PROCEDURAL BACKGROUND**

Plaintiff filed an application for DIB in April 2018 with an alleged onset date of January 13, 2017. Tr. 277.[2] Plaintiff also filed an application for SSI in July 2018 with an alleged onset date of January 13, 2017. Tr. 279. Plaintiff's applications were denied initially in October 2018, and again upon reconsideration in January 2019. Tr. 155–58. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. 211, and a hearing was held in December 2019, Tr. 19. On January 28, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 31. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff's timely appeal followed.

**FACTUAL BACKGROUND**

Plaintiff was 46 years old on her alleged onset date. Tr. 29. She has a high school education and past relevant work as a bartender, waitress, administrative clerk, and dancer. *Id.* Plaintiff alleges disability based on extreme agoraphobia, post-traumatic stress disorder ("PTSD"), anxiety, panic attacks, depression, lower back pain, and pain DO with psychotic episodes. Tr. 308.

**DISABILITY ANALYSIS**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

---

[2] "Tr." citations are to the Administrative Record. ECF No. 11.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R.

§§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954–55; *Tackett*, 180 F.3d at 1099.

**THE ALJ'S DECISION**

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 21. At step two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia with possible mild bilateral S1 nerve dysfunction, depressive disorder, generalized anxiety disorder,

personality disorder with borderline and dependent features, and alcohol dependence disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 22. The ALJ found that Plaintiff had the following RFC:

> [Plaintiff can] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except light exertional activity that would provide a reasonable sit/stand option up to five non-continuous minutes per hour that would not involve leaving the work station; and that do not require any climbing of ladders, ropes, or scaffolds; any exposure to hazards such as unprotected heights, dangerous moving machinery, or commercial driving; even moderate exposure to heavy industrial vibration; any concentrated exposure to pulmonary irritants; the performance of more than simple, routine tasks; the performance of tasks that involve more than occasional brief, superficial interaction with the general public or occasional, superficial interaction with coworkers; or the performance of tasks that involve constant supervision.

Tr. 23. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 29. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 30. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 31.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v.*

*Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42

U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

**DISCUSSION**

Plaintiff asserts remand is warranted for two reasons: (1) the ALJ lacked the constitutional authority to deny Plaintiff's claim; and (2) the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. Pl.'s Br. 1, ECF No. 19. The Court addresses each argument in turn.

## I. ALJ's Constitutional Authority

Plaintiff argues that the Commissioner's appointment was unconstitutional at the time of the ALJ's decision because the Commissioner could only be removed for cause. Pl.'s Br. 17–19, ECF No. 19 (citing *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020)). Plaintiff therefore argues that the ALJ had no authority to deny the claim because the ALJ's authority derived from the Commissioner's unconstitutional appointment. *Id.* In *Kaufmann*, the Ninth Circuit held "that the removal provision in 42 U.S.C. § 902(a)(3) violates separation of powers; that the provision is severable; and that, unless a claimant demonstrates actual harm, the unconstitutional provision has no effect on the claimant's case." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022). Here, Plaintiff has neither argued nor demonstrated any actual harm. As such, the Court concludes that the removal provision has no effect on her case.

## II. Subjective Symptom Testimony

The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 24. Plaintiff assigns error to the ALJ's evaluation of her subjective symptom testimony. Pl.'s Br. 13–17, ECF No. 19. The Commissioner asserts that the ALJ supplied two valid rationales that undermined Plaintiff's subjective complaints: (A) an inconsistency with the medical record; and (B) an inconsistency with her activities of daily living. Def.'s Br. 15–21, ECF No. 21.[3]

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the

[3] "The Commissioner does not defend the ALJ's statement that [Plaintiff's] mental health treatment was conservative and routine." Def.'s Br. 19 n.7, ECF No. 21.

evidence in an individual's record when evaluating the intensity and persistence of symptoms.[4] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

**A. Medical Record**

As noted, the Commissioner asserts that the ALJ properly discounted Plaintiff's allegations because they were inconsistent with the objective medical evidence. Def.'s Br. 15, ECF No. 21. In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Moreover, especially in the mental health context, an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects long-standing psychological disability. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

An independent review of the record establishes that Plaintiff's subjective complaints about her mental health conditions are amply supported in the record. Multiple treatment notes reflect that Plaintiff avoided leaving her home because of severe anxiety. *See, e.g.*, Tr. 500, 563, 577, 606, 696, 833. Multiple treatment notes also reflect Plaintiff's inability to maintain stable

[4] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 (S.S.A. Oct. 25, 2017).

housing because of her mental health conditions, which in turn exacerbated her symptoms. *See, e.g.*, Tr. 500, 510, 518, 526, 530, 563, 565, 606, 696, 719, 727, 754. For example, a May 2015 treatment note reflects that Plaintiff had a difficult time with anxiety, which was severe enough to keep her from leaving her home. Tr. 473. A January 2016 treatment note reflects that Plaintiff had a hard time coping with any stressor and often could not leave her own home. Tr. 464. A November 2016 treatment note reflects that Plaintiff could not leave her house or tend to her hygiene due to her anxiety. Tr. 447. A September 2017 treatment note reflects that Plaintiff had a severe anxiety disorder, difficulty leaving her home, and an inability to maintain stable housing. Tr. 500. Plaintiff also experienced panic attacks. Tr. 584. A November 2017 treatment note reflects that Plaintiff was "unable to keep medical appointments or to attend planned activities" and "unable to attend to many of her basic needs involving attaining groceries or necessities[.]" Tr. 833. A March 2018 treatment note reflects that Plaintiff was too anxious to leave her home or eat. Tr. 520. An October 2019 treatment note reflects that Plaintiff was suicidal and attempted to jump out of a moving vehicle. Tr. 796, 804. Plaintiff's psychological testing showed a constant level of dysfunction with no improvement in scores. *See, e.g.*, Tr. 539, 545–56. As such, the medical record was not a clear and convincing reason to reject Plaintiff's testimony.

**B. Activities of Daily Living**

The Commissioner contends the ALJ properly rejected Plaintiff's testimony based upon her activities of daily living. Def.'s Br. 18, ECF No. 21. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) where the activities "contradict [a claimant's] testimony"; or (2) as evidence a claimant can work if the activities "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of

minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her credibility).

The Commissioner cites Plaintiff's ability to attend appointments outside of her home, interact appropriately with clinicians, and maintain relationships with family and friends and asserts those activities conflict with Plaintiff's testimony. Def.'s Br. 19, ECF No. 21 (citing Tr. 26). The Ninth Circuit, however, has consistently held that such a modest level of activity is not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). As such, this was not a clear and convincing reason to reject Plaintiff's testimony.

## III. Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful

purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)) (internal quotations omitted).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above. The ALJ failed to supply legally sufficient reasons for Plaintiff's subjective symptom testimony. As to the second and third requisites, the record has been fully developed and further proceedings would not be useful. The VE testified that all jobs identified in the national economy would require working in proximity to other people. Tr. 64–65. The VE also testified that "[a]bsences of two or more is going to impact the ability to maintain employment." Tr. 63. Thus, in fully crediting Plaintiff's subjective symptom testimony, the ALJ would be required to find Plaintiff disabled on remand. Lastly, considering the record as a whole, the Court has no basis to doubt that Plaintiff is disabled under the Act. As such, the Court concludes the proper remedy in this case is to remand for a calculation of benefits. *See Garrison*, 759 F.3d at 1022–23.

///

///

///

**ORDER**

For the reasons set forth above, the decision of the Commissioner is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED and DATED this 12 day of January, 2023.

MARK D. CLARKE
United States Magistrate Judge